*McCarthy & Holthus, LLP*
Cole Patton SBN 2018206
Yoshie Valadez SBN 24091142 (TX)
Nancy Lee SBN 272035 (CA)
MHTbankruptcy@mccarthyholthus.com
*124 West Capitol, Suite 865 Little Rock, AR 72201*
*Phone: (214) 291-3800*
*Fax: (214) 291-3801*
*ATTORNEYS FOR MOVANT*
*AR-24-25320*

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| BELINDA DOUGAN, | § | CASE NO. 4:24-bk-10081 |
| DEBTORS | § | CHAPTER 13 |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**OBJECTION TO CONFIRMATION BY WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS (collectively referred to as "Creditor"), a secured creditor and party in interest, and pursuant to 11 U.S.C. §§1322(b)(2), 1322(b)(5), 1324, and 1325(a)(5), and Bankruptcy Rule 3015(f) files its *Objection to Confirmation* of Debtor's proposed Chapter 13 Plan ("Plan"), and in support thereof would respectfully show the Court as follows:

**BACKGROUND**

1.  Debtor filed a voluntary petition under Chapter 13 of Title 11, United States

Bankruptcy Code on 1/10/2024.

2. WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS is the holder of a Note ("Note") in the original principal sum of $51,532.00, dated 10/12/2012, which was executed by BELINDA S DOUGAN to WELLS FARGO BANK, N.A. The Note is secured by a Security Instrument granting a lien against real estate located at:

LOT 28, OAKWOOD ADDITION TO THE CITY OF NORTH LITTLE ROCK, PULASKI COUNTY, ARKANSAS

commonly known as 5538 Arthur Drive, North Little Rock, AR 72118 ("Property"). Copies of the Note, Security Instrument, and Assignment(s) (if applicable) are attached hereto and incorporated herein by reference as if fully set out herein word for word.

3. Creditor asserts that the allegations and other factual contentions in this objection have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation when Creditor anticipates timely filing its secured Proof of Claim before the claims bar date.

**OBJECTION TO PROPOSED PLAN**

4. Creditor objects to confirmation of the Plan because the Plan understates the pre-petition arrears due and owing under the Note. Debtor's Plan incorrectly states that there is only $1,600.00 due in arrearages. Creditor is entitled to full payment its anticipated pre-petition arrearage claim, in the approximate amount of $2,1,92.68 as of 1/10/2024 pursuant to the Note and Security Instrument. Creditor therefore objects to the proposed treatment of its secured claim.

5. As the arrears listed for Creditor are understated, the Chapter 13 Plan the Plan does

not meet all the requirements for confirmation and may not be feasible and therefore, should not be confirmed.

6. Creditor has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for the handling of this *Objection to Confirmation*.

## Prayer

**WHEREFORE, PREMISES CONSIDERED,** Creditor prays that this Court deny confirmation of the Plan as proposed, award attorneys' fees and costs, and grant Creditor such other and further relief, at law and in equity, as is just.

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

 */s/ Nancy Lee*_____
Cole Patton SBN 2018206
Yoshie Valadez SBN 24091142 (TX)
Nancy Lee SBN 272035 (CA)
MHTbankruptcy@mccarthyholthus.com
124 West Capitol, Suite 865
Little Rock, AR 72201
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: AR-24-25320
ATTORNEYS FOR SECURED CREDITOR

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Objection to Confirmation* has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on 1/17/2024.

        By: */s/ Nancy Lee*
        Cole Patton SBN 2018206
        Yoshie Valadez SBN 24091142 (TX)
        Nancy Lee SBN 272035 (CA)
        MHTbankruptcy@mccarthyholthus.com
        124 West Capitol, Suite 865
        Little Rock, AR 72201
        Phone: (214) 291-3800
        Fax: (214) 291-3801
        Atty File No.: AR-24-25320
        ATTORNEYS FOR MOVANT

By First Class Mail Postage Prepaid:

DEBTOR(S)
Belinda Dougan
5538 Arthur Dr.
North Little Rock, AR 72118

By CM/ECF:

| COUNSEL FOR DEBTOR(S) | TRUSTEE | U.S. TRUSTEE |
|---|---|---|
| Mickey Lynn Stevens American Bankruptcy Associates PLLC. Skelton & Stevens Legal Group PLLC. 2615 N. Prickett Road Suite 2 Bryant, AR 72022 | Mark T. McCarty P.O. Box 5006 North Little Rock, AR 72119 | 200 W Capitol, Ste. 1200 Little Rock, AR 72201 |

All Parties Requesting Notice Via CM/ECF System

**Multistate**

# NOTE

FHA Case No. [redacted]

OCTOBER 12, 2012
[Date]
5538 ARTHUR DRIVE, NORTH LITTLE ROCK, AR  72118

[Property Address]

### 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **WELLS FARGO BANK, N.A.**

and its successors and assigns.

### 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **FIFTY ONE THOUSAND FIVE HUNDRED THIRTY TWO AND 00/100**

Dollars (U.S. $ *********51,532.00  ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **FOUR AND FIVE-EIGHTHS** percent (  **4.625**                  %) per year until the full amount of principal has been paid.

### 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4. MANNER OF PAYMENT

   (A) **Time**
        Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **DECEMBER 01**            , **2012**        . Any principal and interest remaining on the first day of **NOVEMBER 2042**        , will be due on that date, which is called the "Maturity Date."

   (B) **Place**
        Payment shall be made at **WELLS FARGO HOME MORTGAGE, P.O. BOX 11758, NEWARK, NJ 071014758**                                            or at such place as Lender may designate in writing by notice to Borrower.

   (C) **Amount**
        Each monthly payment of principal and interest will be in the amount of U.S. $ *******264.95     . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

   (D) **Allonge to this Note for payment adjustments**
        If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

   ☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

### 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

VMP -1R (9601)     FHA Multistate Fixed Rate Note - 10/95
                   VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 2                              Initials: 

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **FOUR** percent ( **4.000** %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

| _____ (Seal) | _____ (Seal) |
| --- | --- |
| -Borrower | **BELINDA S DOUGAN** -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |



WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.
BY _____
SAMUEL C. SHELLEY, SENIOR VICE PRESIDENT

Return To
FINAL DOCS T7408-01F
4101 WISEMAN BLVD BLDG 108
SAN ANTONIO, TX  78251-4200


Prepared By *Tina W Bross*
WELLS FARGO BANK, N A

2701 WELLS FARGO WAY,
MINNEAPOLIS, MN  554670000


# Deed of Trust

**State of Arkansas**                                                                    FHA Case No

THIS DEED OF TRUST ("Security Instrument") is made on **OCTOBER 12, 2012**
The Grantor is **BELINDA S DOUGAN, A SINGLE PERSON**




("Borrower")  The trustee is **ROBERT M  WILSON, JR**

whose address is , ,

("Trustee")  The Beneficiary is **WELLS FARGO BANK, N A**




which is organized and existing under the laws of **THE UNITED STATES**                                    and
whose address is **101 NORTH PHILLIPS AVENUE, SIOUX FALLS, SD   57104**

("Lender")  Borrower owes Lender the principal sum of
**FIFTY ONE THOUSAND FIVE HUNDRED THIRTY TWO AND 00/100**

Dollars (U S $ *********51,532 00 )
This debt is evidenced by Borrower s note dated the same date as this Security Instrument ("Note") which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on **NOVEMBER 01, 2042**
This Security Instrument secures to Lender  (a) the repayment of the debt evidenced by the Note, with interest, and

FHA Deed of Trust-AR                                                                                      Revised 4/96 Amended 3/97
VMP ®                                                                                                           VMP4R(AR) (1001) 00
Wolters Kluwer Financial Services                                                                                      Page 1 of 9

NMFL 0302 (ARFD)  Rev 2/2010

all renewals extensions and modifications of the Note, (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower irrevocably grants and conveys to the Trustee, in trust with the power of sale, the following described property located in
PULASKI                                                                                                                County Arkansas
~~SEE TITLE~~ /aw)

*See Exhibit A*

TAX STATEMENTS SHOULD BE SENT TO   WELLS FARGO HOME MORTGAGE, P O  BOX 11758, NEWARK, NJ ▮▮▮▮▮▮▮▮

Parcel ID Number ▮▮▮▮▮▮▮▮▮▮▮▮
which has the address of **5538 ARTHUR DRIVE**                                                                [Street]
**NORTH LITTLE ROCK**                          [City] Arkansas **72118**          [Zip Code] ("Property Address"),

TOGETHER WITH all the improvements now or hereafter erected on the property and all easements appurtenances and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property"

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

Borrower and Lender covenant and agree as follows

UNIFORM COVENANTS
1 **Payment of Principal, Interest and Late Charge** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note
2 **Monthly Payment of Taxes, Insurance and Other Charges** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4 In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds"

FHA Deed of Trust-AR
VMP ®
Wolters Kluwer Financial Services
Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 2 of 9

Lender may, at any time collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U S C Section 2601 et seq and implementing regulations 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA Lender shall account to Borrower for the excess funds as required by RESPA If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument If Borrower tenders to Lender the full payment of all such sums Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender Borrower's account shall be credited with any balance remaining for all installments for items (a) (b), and (c)

**3  Application of Payments** All payments under paragraphs 1 and 2 shall be applied by Lender as follows
First to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium,
Second to any taxes special assessments leasehold payments or ground rents and fire flood and other hazard insurance premiums, as required,
Third, to interest due under the Note,
Fourth, to amortization of the principal of the Note, and
Fifth, to late charges due under the Note

**4  Fire, Flood and Other Hazard Insurance** Borrower shall insure all improvements on the Property whether now in existence or subsequently erected, against any hazards, casualties and contingencies including fire for which Lender requires insurance This insurance shall be maintained in the amounts and for the periods that Lender requires Borrower shall also insure all improvements on the Property whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary All insurance shall be carried with companies approved by Lender The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of and in a form acceptable to Lender

In the event of loss, Borrower shall give Lender immediate notice by mail Lender may make proof of loss if not made promptly by Borrower Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly All or any part of the insurance proceeds may be applied by Lender at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal or (b) to the restoration or repair of the damaged Property Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser

FHA Deed of Trust AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 3 of 9

5. **Occupancy, Preservation, Maintenance and Protection of the Property, Borrower's Loan Application, Leaseholds** Borrower shall occupy, establish and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control Borrower shall notify Lender of any extenuating circumstances Borrower shall not commit waste or destroy damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default Lender may take reasonable action to protect and preserve such vacant or abandoned Property Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note including but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence If this Security Instrument is on a leasehold Borrower shall comply with the provisions of the lease If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing

6. **Condemnation** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2 or change the amount of such payments Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto

7. **Charges to Borrower and Protection of Lender's Rights in the Property** Borrower shall pay all governmental or municipal charges fines and impositions that are not included in paragraph 2 Borrower shall pay these obligations on time directly to the entity which is owed the payment If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations) then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes hazard insurance and other items mentioned in paragraph 2

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument Lender may give Borrower a notice identifying the lien Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice

FHA Deed of Trust AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 4 of 9

**8    Fees.** Lender may collect fees and charges authorized by the Secretary.

**9    Grounds for Acceleration of Debt.**

**(a) Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10    Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

FHA Deed of Trust-AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 5 of 9

11. **Borrower Not Released, Forbearance By Lender Not a Waiver** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

12. **Successors and Assigns Bound, Joint and Several Liability, Co-Signers** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower subject to the provisions of paragraph 9(b) Borrower's covenants and agreements shall be joint and several Any Borrower who co-signs this Security Instrument but does not execute the Note (a) is co-signing this Security Instrument only to mortgage grant and convey that Borrower's interest in the Property under the terms of this Security Instrument (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower may agree to extend modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent

13. **Notices** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

14. **Governing Law, Severability** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision To this end the provisions of this Security Instrument and the Note are declared to be severable

15. **Borrower's Copy** Borrower shall be given one conformed copy of the Note and of this Security Instrument

16. **Hazardous Substances** Borrower shall not cause or permit the presence use, disposal storage, or release of any Hazardous Substances on or in the Property Borrower shall not do nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law The preceding two sentences shall not apply to the presence, use or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

    Borrower shall promptly give Lender written notice of any investigation, claim demand lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge If Borrower learns or is notified by any governmental or regulatory authority that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

    As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials As used in this paragraph 16 "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

FHA Deed of Trust AR  
VMP ®  
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97  
VMP4R(AR) (1001) 00  
Page 6 of 9

NON-UNIFORM COVENANTS Borrower and Lender further covenant and agree as follows

17. **Assignment of Rents** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property Borrower authorizes Lender or Lender s agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender s agents However, prior to Lender s notice to Borrower of Borrower s breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower This assignment of rents constitutes an absolute assignment and not an assignment for additional security only

   If Lender gives notice of breach to Borrower (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender s agent on Lender s written demand to the tenant

   Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17

   Lender shall not be required to enter upon take control of or maintain the Property before or after giving notice of breach to Borrower However Lender or a judicially appointed receiver may do so at any time there is a breach Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full

18. **Foreclosure Procedure** If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding and sale of the Property Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence

   It is understood and agreed to by Borrower that this Security Instrument is subject to the foreclosure procedures of the Arkansas Statutory Foreclosure Law, Act 53 of 1987, as amended from time to time (the "Act"), for Borrower's breach of any covenant or agreement in this Security Instrument In furtherance and not in limitation of the provisions of paragraph 11, any forbearance by Lender in exercising any right or remedy under the Act shall not be a waiver of or preclude acceleration and the exercise of any right or remedy under the Act, or at the option of Lender, use of non-judicial foreclosure proceedings

   If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act")(12 U S C 3751 *et seq* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law

19. **Release** Upon payment in full of all sums secured by this Security Instrument Lender shall release this Security Instrument The release shall be made without charge to Borrower Borrower shall pay any recordation costs

20. **Waivers** Borrower waives all rights of homestead exemption in and statutory redemption of, the Property and all right of appraisement of the Property and relinquishes all rights of curtesy and dower in the Property

21. **Substitute Trustee** Lender, at its option and with or without cause, may from time to time appoint a successor Trustee in accordance with Act 53 of 1987, as amended from time to time

22. **Riders to this Security Instrument** If one or more riders are executed by Borrower and recorded together with this Security Instrument the covenants of each such rider shall be incorporated into and shall amend and

FHA Deed of Trust-AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 7 of 9

supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument [Check applicable box(es)]

☐ Condominium Rider ☐ Growing Equity Rider ☐ Other [specify]
☐ Planned Unit Development Rider ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it

**Borrower**

_Belinda S. Dougan_   10-12-12
BELINDA S DOUGAN           Date
                           (Seal)

_____
                           Date
                           (Seal)

_____
                           Date
                           (Seal)

_____
                           Date
                           (Seal)

☐ Refer to the attached *Signature Addendum* for additional parties and signatures

FHA Deed of Trust AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001).00
Page 8 of 9

**Acknowledgment**
**State of Arkansas**
County of Pulaski
On 12TH OCTOBER, 2012              , before me,   Tim W Brass                          the
undersigned officer, personally appeared
BELINDA S DOUGAN

known to me, (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument and acknowledged that he/she/they executed the same for the purposes therein contained

In witness whereof I hereunto set my hand and official seal

_____
Notary Public   Tim W Brass

My commission expires   1-17-2017

Lien Holder

Address

Telephone Number
Contact

                        for release of lien
_____

FHA Deed of Trust AR
VMP ®
Wolters Kluwer Financial Services

Revised 4/96 Amended 3/97
VMP4R(AR) (1001) 00
Page 9 of 9

## EXHIBIT 'A'

File No ███████ mk)

**LOT 28, OAKWOOD ADDITION TO THE CITY OF NORTH LITTLE ROCK, PULASKI COUNTY, ARKANSAS**

APN ███████



DOUGAN

FIRST AMERICAN ELS
DEED OF TRUST

AR

*WHEN RECORDED RETURN TO*
*FIRST AMERICAN MORTGAGE SERVICES*
*1100 SUPERIOR AVENUE, SUITE 200*
*CLEVELAND, OHIO 44114*
*NATIONAL RECORDING*

1 of 1




# Electronically Recorded Document

FAMS Order Number: 

The attached document was recorded on your behalf by First American Mortgage Services via our electronic recording process

We are returning your original document along with this cover page that includes the post-recording information at the bottom To view a full image of the post-recorded document, please visit our website at www lendersadvantage com

Thank you for allowing First American Mortgage Services to record your documents

| | |
|---|---|
| Recorded Date/Time | 11/6/2012 2 56 PM |
| Instrument Number | |
| Book | |
| Page | |
| County/State | Pulaski/AR |
| Borrower | BELINDA S DOUGAN |
| Document Type | Deed of Trust |
| Document Seq | 1 |

## Do not detach. This page is now a permanent part of this document.

Please visit www.famortgageservices.com to view the entire Recorded document

1100 Superior Ave
Cleveland, OH 44114
TEL (216) 241-1278
TOLL (800) 221-8683